**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MICHIGAN LABORERS' DISTRICT
COUNCIL AND LOCAL UNION
NO. 1098 OF THE LABORERS'
INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO,

       Plaintiffs,                   CASE NO. 03-CV-10288-BC

v.                             DISTRICT JUDGE DAVID M. LAWSON
                             MAGISTRATE JUDGE CHARLES BINDER

CHAMPAGNE & MARX
EXCAVATING, INC.,

       Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS**
(Dkt. 15)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to

Dismiss be **GRANTED**, and that the case be **DISMISSED WITHOUT PREJUDICE** for want

of subject matter jurisdiction.

## II.    REPORT

### A.    Introduction and Facts

Pending, pursuant to an Order of Reference from United States District Judge David

Lawson (Dkt. 21), is the above-entitled motion.[1]  Plaintiff has filed a response opposing the motion

---

[1] Six days after filing this motion and its supporting brief, Defendant filed a two-page supplemental
brief citing a Sixth Circuit case decided the day before.  (Dkt. 16.)

(Dkt. 20), and Defendant has filed a reply (Dkt. 25). Oral argument has been presented, and the motion is now ready for Report and Recommendation.

Plaintiffs filed their two-count complaint on November 19, 2003, alleging jurisdiction under Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185), that Defendant violated the wage provisions of the Collective Bargaining Agreement in existence between the parties by failing to make fringe benefit payments in the correct amount, and that Defendant refused to participate in subsequent grievance proceedings. (Compl., Dkt. 1, ¶¶ 29-30.) In Count I, Plaintiff seeks a judgment for all amounts due to Defendant's employees under a 2003-2006 Collective Bargaining Agreement,[2] as well as attorney fees. Count II seeks a declaratory judgment providing that Defendant is subject to the terms of the 2003-2006 Collective Bargaining Agreement.

The pleadings and exhibits indicate that Defendant excavating company is a member of the Saginaw Valley Underground Association ("SVUA"), a local multi-employer association headquartered in Saginaw, Michigan. Defendant answered Plaintiffs' complaint on December 29, 2003, denying that it had been a party to collective bargaining agreements with Plaintiffs since 1974, (Dkt. 3, ¶ 8.), and alleging that it had terminated all contractual relationships with Plaintiffs on at least two occasions: June 15, 2000, and April 8, 2003. (*Id.* ¶ 16.) Defendant, however, admitted that it had prepared fringe benefit contribution reports and forwarded fringe benefit contribution payments, but denied that collective bargaining agreements required those actions. Among the affirmative defenses asserted by Defendant is the contention that this Court lacks jurisdiction, and that this case is barred by a prior National Labor Relations Board determination. These assertions form the basis of the instant motion.

---

[2]This Agreement is attached as an Exhibit to the Complaint.

2

Exhibits attached to the instant motion indicate that in 1994 the parties entered into an agreement reflecting the same terms as a master agreement between the Union and a group known as the Associated General Contractors ("AGC"). (Mot., Dkt. 15, Ex. A.) A series of successor short-form agreements were thereafter entered into by the parties evidencing their agreement that the SVUA would comply with the terms of the applicable AGC contract. (*Id.*, Ex. B.) In June 2000, the SVUA elected to forward to the Union a termination notice, stating in part the SVUA's "intention to terminate any collective bargaining agreement between the [SVUA] and the [Plaintiff]." (*Id.*, Ex. C at 1.) The same notice included a request by the SVUA to negotiate a new agreement. (*Id.* at 2.) Defendant states that the parties did meet on one occasion but were unable to reach an agreement, although the SVUA apparently offered to pay increased wage rates equivalent to those then set forth in the AGC contract. (*Id.*, Ex. D.) The SVUA sent a second termination notice in April 2003, and again offered to negotiate a new agreement. (*Id.*, Ex. E.) In October 2003, the Union served notice of its intention to strike. (*Id.*, Ex. F.) According to Defendant, the SVUA instead initiated an offensive lock-out. Within a week, according to Defendant, the instant complaint was filed.

Two weeks before filing their motion, Plaintiffs also filed an unfair labor practice charge before the National Labor Relations Board ("NLRB"). In late January 2004, the NLRB regional director dismissed the unfair labor charge to the extent it pertained to alleged contract repudiation. (*Id.*, Ex. H.) This determination was upheld on appeal in late March 2004. (*Id.*, Ex. I.) The unfair labor practice charge was ultimately dismissed by the NLRB general counsel who determined that "the SVUA timely terminated the existing collective bargaining agreement with the Union. Because the . . . agreement expired, Section 8(b)(3) does not bar the Union from refusing to bargain with the SVUA for a successor contract." (*Id.*, Ex. J.) The Union maintains that the

Collective Bargaining Agreement between the parties expired on June 30, 2003, and that a new agreement started the next day. Because Defendant continued to make fringe benefit payments based on the previous contract, the Union believed that Defendant and the other members of the SVUA breached the then-current agreement by paying the wrong wage rates.

### B.    Arguments of the Parties

Citing Rule 12 (h)(3) of the Federal Rules of Civil Procedure,[3] Defendant asserts that the Court lacks jurisdiction over this dispute because, in fact, it involves the existence rather than the interpretation or breach of a valid collective bargaining agreement. Pointing to a series of Sixth Circuit cases, Defendant argues that the scope of Section 301 of the Labor Management Relations Act ("LMRA") does not reach claims requiring a federal court to determine the validity or existence of a collective bargaining agreement. At oral argument, Defendant characterized this case as an impermissible "second bite at the apple" for Plaintiffs, noting that Plaintiffs previously raised substantially identical arguments without success before the NLRB.

Citing allegations in the Complaint, along with precedent of the Supreme Court and seven circuit courts of appeal, Plaintiffs argue that this case involves "a specific violation of an existing collective bargaining agreement" over which this Court has subject matter jurisdiction. (Pls.' Resp., Dkt. 20 at 5) During oral argument, counsel for Plaintiffs cast the issue in this case as one of contract repudiation and asserted that under Section 301, both this Court and the NLRB possesses concurrent jurisdiction. Plaintiffs acknowledge the contrary position of the Sixth Circuit, but maintain that this is a minority position among the circuits.

---

[3]Rule 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

4

**C.      Analysis and Conclusions**

The core issue raised in the instant motion is the proper interpretation of § 301(a) of the LMRA.  Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

After consideration of the pleadings, briefs, and the points made during oral argument, I suggest that the recent case cited in Defendant's supplemental brief, *Bauer v. RBX Industries, Inc.*, 368 F.3d 569 (6th Cir. 2004), controls.  In that case, a group of former employees sued both their union and their former employer claiming breaches of contract on the part of their former employer, breaches of the union's duty of fair representation, and various other claims not here relevant.  The dispute in *Bauer* arose out of the employer's closing of a manufacturing facility in Ohio as part of the employer's involuntary bankruptcy.  After a series of what are described by the Court as contentious negotiations, the union and the employer entered into a settlement agreement. The settlement agreement superseded a collective bargaining agreement and "completely and finally resolves all disputes, grievances and disagreements between the Parties[,] and the company has no continuing obligations under the [CBA]."  (*Id.* at 577.)  In reversing a grant of summary judgment in favor of the Plaintiff employees, the Sixth Circuit held that the district court was without jurisdiction to hear Plaintiff's claims.  In the process, the court laid out its understanding of the limits of Section 301 jurisdiction as follows:

> Jurisdiction in a § 301 claim is premised upon the existence of a contract, which an employer subsequently breaches.  Section 301 opens the federal courthouse only to "[s]uits for violation of contracts."  29 U.S.C. § 185(a).  "Where

5

there is no contract, the courts have no jurisdiction."  1 Patrick Hardin & John E.
Higgins, Jr., *The Developing Labor Law 1321 (4ᵗʰ ed 2001);* see also *5 N. Peter
Lareau, National Labor Relations Act: Law & Practice* § 41.02[2][a], at 41-7 (2d
ed. 2003) ("Jurisdiction under Section 301 is premised on the existence of a viable
contract (usually a [CBA]; courts *do not* have Section 301 jurisdiction over *expired*
[CBAs].");* Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11ᵗʰ Cir. 1988) ("A federal
court has jurisdiction over a suit for a violation of a collective bargaining agreement
under section 301 only while the agreement is in force.").

*Id*. at 378-79.

The court then laid out a history of prior precedent supporting this conclusion, citing first

*Heussner v. Nat'l Gypsum Co.*, 887 F.2d 672, 676 (6ᵗʰ Cir. 1989).  In *Heussner*, a group of former

employees alleged the breach of a collective bargaining agreement that had been superseded.  The

court held that it lacked jurisdiction, concluding that federal courts only "possess subject matter

jurisdiction in cases involving an alleged violation of an *existing* [CBA]."  *Id*. at 676.

The court next cited *Adcox v. Teledyne, Inc.*, 21 F.3d 1381 (6ᵗʰ Cir. 1984).  In *Adcox*, a

group of former employees filed a Section 301 claim, alleging as in this case that Teledyne had

breached a collective bargaining agreement by refusing to pay certain benefits after closing a

manufacturing facility.  As in *Bauer*, the employer and the union had agreed to a settlement which

expressly superseded the prior collective bargaining agreement.  The court affirmed the dismissal

of the Section 301 claim for lack of jurisdiction holding that there could be no breach of contract

when the previous collective bargaining agreement, said to have been violated, had in fact

abrogated.  *Id*. at 1385-86.

The Sixth Circuit in *Bauer* also pointed to a more recent holding by the Supreme Court in

*Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653, 657, 118 S. Ct.

1626, 140 L. Ed. 2d 863 (1998), where the Court held:  "'Suits for violation of contracts' under

§ 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been

violated." *Bauer*, 368 F.3d at 579.  These authorities led the court to conclude that the settlement agreement had "negated our jurisdiction over Plaintiffs' § 301 action." *Id.* (footnote omitted).  The court next considered whether prejudice should attach to a dismissal under these circumstances. After surveying the Supreme Court precedent, the court held:

> . . . In *Heussner*, a case that like *Adcox* is directly on point, we affirmed the district court's dismissal without prejudice when the district court lacked subject matter jurisdiction pursuant to § 301.  *Heussner*, 887 F.2d at 675.  We therefore vacate the district court's judgment because the court was without jurisdiction to consider whether the Unions breached their duty of fair representation.  The district court should have dismissed the § 301 claim without prejudice and should have refrained from granting summary judgment on the § 301 issue because it did not have jurisdiction to do so.

*Id.* at 581.

I suggest that *Bauer* is essentially on all fours with the instant case.  In *Bauer*, the union and the employer entered into a settlement agreement that specifically superseded a prior collective bargaining agreement.  In this case, the employer unambiguously terminated the operation of a collective bargaining agreement, stating on two occasions, ". . . please consider this correspondence as notice of the Saginaw Valley Underground Association's and its contractor members' intent to terminate any collective bargaining agreement between the [SVUA], [its members[,]] and the Michigan Laborers' District Counsel and Laborers' Local Union No. 1098." (Dkt. 15, Exs. C & E.)

Plaintiffs' arguments to the contrary, I suggest, are unavailing.  The heart of Plaintiffs' arguments was considered in depth by the *Bauer* court in a lengthy footnote discussing the "ambiguity over whether the expiration or supersession of a labor contract that is the subject of a § 301 claim is better viewed as raising a jurisdictional problem or, instead, a failure-to-state-a-claim problem." *Bauer*, 368 F.3d at 569 n.5.  Contrary to Plaintiff's position, the court concluded:

Comparing (1) our precedents in *Adcox* and *Heussner* and (2) the general principle that federal courts have limited jurisdiction in this area, with a lone ambiguous statement by the Supreme Court, we believe that our prior rulings that a federal court does not have jurisdiction to hear a § 301 claim premised upon an expired or superseded contract are still binding on us.

*Id.*

This Court is similarly bound, and I therefore suggest that the grant of Defendant's motion is appropriate, as I conclude that this Court lacks subject matter jurisdiction.


**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


s/ *Charles E. Binder*
CHARLES E. BINDER
United States Magistrate Judge

Dated: November 17, 2004

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Scott G. Graham and David J. Masud.


Dated:  November 17, 2004                  By     s/Jean L. Broucek          
                                                   Case Manager to Magistrate Judge Binder

9